Washburn v. Holmes.

provide for his family. He was a physician, and went, as he said, *doctoring about the country.* One time, when he had been gone 67] *several days, and left no provisions whatever for his family, she went to her father's, about eight miles off. When he returned, and had learned where his wife was, instead of going for her, he left the country, and has since been absent more than three years, without contributing at all to the support of the wife, who continues to reside with her father.

Divorce decreed, with two hundred dollars alimony to the wife, and costs, to be paid in sixty days, or execution.

---

## WASHBURN v. HOLMES, ET AL.

Chancery—evidence of children—continuance for further proof—effect of answer.

The depositions of sons of the complainant who have purchased a part of the land bound by a judgment, may be read, as the decision cannot be used for or against them; their situation only affects their credit.

Where there is reason to suspect the evidence to rebut the answer of a defendant, and the case shows there is better proof within the reach of either party, the cause will be continued for such proof, even after hearing.

The testimony of one witness only, without corroborating circumstances, will not do away the effects of a responsive answer.

A cause may be continued for further proof.

IN CHANCERY. The cause is stated in the opinion of the Court.

*O. Parish* and *Williams,* for the complainant.

*J. W. Allen,* for the respondents.

BY THE COURT. The case made in the bill is, that the complainant having lately sold a tract of land in Ulster county, New York, to one Holmes, upon a credit, afterwards contracted with one Fields for a tract of land in Ohio, upon the credit of said Holmes, and transferred Holmes's obligations to Fields. That, owing to some difficulty in ascertaining whether the land sold to Holmes was free from incumbrance, and in procuring mortgage to be drawn to secure the money, the complainant agreed to go security for Holmes to Fields, for a short time, until a mortgage could be executed; but this was with the express understanding with Fields, that he should not be held, after he got ready to remove to Ohio. In pursuance of this agreement he signed a note with Holmes to Fields, for $2,425.50, received from Fields a deed for the land in Ohio surrendered up to

Holmes the notes given by him to the complainant for the purchase made of the complainant, and gave Holmes a deed. That the complainant continued in the neighborhood four years, and before he *removed to Ohio, called upon Fields to discharge him from [**68** being security for Holmes, and received for answer, that he need give himself no uneasiness, as Holmes was considered good. That Fields afterwards delayed proceeding against Holmes till he became insolvent, then sued the complainant at law, and recovered judgment. Against collecting this judgment, he prays an injunction, and that the note may be cancelled, and for general relief.

The answers admit the sale, the delay, the insolvency of Holmes, and the judgment; but deny the agreement to accept Holmes as debtor, or to discharge Washburn. There is a general replication.

Depositions of two of the sons of Washburn, who have purchased part of the land, were offered in evidence; but objected to by the respondents, as incompetent, because their evidence tends to secure to them their title to the land. We think the witnesses competent, as the decision in this case cannot conclude them. The objection goes to their credit only.

Taking the evidence of the other witnesses with that of the sons, and with the note given to Fields, which is signed by Holmes *first* and Washburn *second,* (in the usual way, notes are signed by security, when that fact is not named in the body of the note,) and the fact that Washburn gave up to Holmes the notes he held upon him for the land he purchased, and executed a deed of the land sold to him, leaving himself without any security whatever, it would seem pretty clearly made out against the answers, that the purchase of Fields by the complainant was made (with the understanding on *his* part at least) upon *Holmes' credit,* and that the complainant signed the note to Fields as *security for Holmes.* The question, then, is whether Fields has done anything which, in equity, discharges Washburn as security?

Mere *delay* to prosecute the principal debtor, unless notice is given by the security to proceed, or some other circumstance intervene requiring him to proceed, will not discharge the security. In this case, it would seem the complainant went security for Holmes, till the mortgage should be executed, or some other act done. The denial in the answer in *this particular,* is only met by *one* witness. Though, it is true, the testimony of one witness, corroborated by circumstances, will outweigh a responsive answer, yet a chancellor should cautiously admit mere circumstances to influence a decree, if it appear in the case, that there is evidence within reach of either

party, that will put the disputed matter at rest :—more particularly so, when the credit of the witness, or the circumstances, are, in the least degree, suspicious. Here the witnesses relied upon are *sons* 69] *of the complainant, and stand in such relation to the subject as to draw down upon them so much suspicion as to induce a desire for other testimony. Holmes is a competent witness, being liable to either Fields or Washburn, and wholly indifferent between them. His knowledge of the disputed facts is undoubted, and his evidence would shed light upon the contract and the after acts of the parties, and enable the court to determine the character of the relief to be given, if any : whether to cancel the contract in toto, or to compel Fields to exhaust Holmes's effects before proceeding against Washburn. This is no case of lien for the purchase by Field. He took personal security for his money, and that puts an end to such lien, as against strangers. The question, how far a voluntary conveyance by a father to a child shall be postponed to a creditor, may also arise. Upon the whole, as we are in doubt about the facts, and see that there is proof which may be had to make them certain, we will continue the cause, with leave to take further testimony.